BLACKER ET AL., APPELLEES, *v.* WIETHE ET AL., APPELLANTS.

(No. 10417—Decided February 13, 1968.)

Mr. *David N. Gorman* and Mr. *John A. Lloyd, Jr.,* for appellees.
Mr. *Melvin G. Rueger,* prosecuting attorney, and Mr. *John A. Gehrig,* for appellants.

LONG, P. J. It is the opinion of this court that the language contained in division (M) of Section 302.13, Revised Code (132 Ohio Laws S154), to wit, that Boards of County Commissioners may, ''By ordinance or resolution make any rule, or act in any manner not specifically prohibited by general law,'' is such an indefinable grant of power to Boards of County Commissioners by the General Assembly as to constitute an invalid and unconstitutional delegation of legislative power and is, therefore, violative of Section 1, Article II of the Constitution of Ohio which provides that, ''the legislative power of the state shall be vested in a General Assembly.''

In the case at bar, our attention has been called to extrinsic facts which, it is claimed, tend to sustain the constitutionality of division (M) of Section 302.13, Revised Code; however, our Supreme Court, in *Belden* v. *Union Central Life Ins. Co.,* 143 Ohio St. 329, paragraph five of

the syllabus, holds: "Where the constitutionality of an act is challenged upon the ground that the General Assembly has delegated legislative power, that question will be determined by *considering the provisions of the act itself* without regard to extrinsic facts." (Emphasis added.)

In the case at bar, according to the language of the statute, a Board of County Commissioners could run hog wild and, "by ordinance or resolution *make any rule, or act in any matter not specifically prohibited* by general law." This is not only delegation, it is *abdication* of legislative power.

*Judgment affirmed.*

HILDEBRANT, J., concurs.